729 P.2d 405

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Mitch MICHAEL, Jr.,
Defendant-Appellant.**

**No. 16253.**

Supreme Court of the State of Idaho.

Nov. 14, 1986.

Charles B. Lempesis, Post Falls, and William V. Brown, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

HUNTLEY, Justice.

In January 1985, Mitch Michael, Jr., a member of the Coeur d'Alene Indian tribe and resident of the State of Idaho, was involved in an automobile accident which seriously injured Randy and Sandy Hohf, who are non-Indians. The accident occurred within the boundaries of the Coeur d'Alene Indian Reservation. Michael was charged with the crime of aggravated driving while under the influence.

In July 1985, Michael moved for an order dismissing the charges against him on the ground that the automobile accident was subject to the jurisdiction of the reservation tribal court or the United States government. The district court denied the motion on the ground that I.C. § 67–5101(G) gives the state of Idaho jurisdiction to try Michael for the crime of aggravated driving while under the influence of alcohol. Michael entered a conditional plea of guilty. He now appeals from the denial of the motion to dismiss.

Michael first contends that the state of Idaho lacks jurisdiction to adjudicate this case because the matter is subject to the exclusive jurisdiction of the federal courts due to his status as an Indian. Indian tribal members are generally under the exclusive jurisdiction of the United States government; however, states may be given specific authority by Congress over certain Indian affairs. *Boyer v. Shoshone-Bannock Indian Tribes*, 92 Idaho 257, 260, 441 P.2d 167, 170 (1968); *United States v. McGowan*, 302 U.S. 535, 58 S.Ct. 286, 82 L.Ed. 410 (1938).

Federal statutes give individual states authorization to enact legislation which imposes state jurisdiction over certain Indian matters. In 1953, Congress enacted Public Law 280 which empowered states to assume jurisdiction over Indian affairs by affirmative legislative action. Section 7 of the Act of August 15, 1953, Public Law 280 provided that:

"The consent of the United States is hereby given to any other state not having jurisdiction with respect to criminal offenses or civil causes of action, or with

respect to both, as provided for in this Act, to assume jurisdiction at such time and in such manner as the people of the State shall, by affirmative legislative action, obligate and bind the State to assumption thereof." Public Law No. 280, § 7, 67 Stat. 588, 590 (1953).

Pursuant to Public Law 280, the state of Idaho enacted I.C. § 67–5101 and assumed jurisdiction over Indian affairs in the following areas:

§ 67–5101. State jurisdiction for civil and criminal enforcement concerning certain matters arising in Indian country.— "The State of Idaho in accordance with the provisions of 67 Statutes at Large, page 589 (Public Law 280) hereby assumes and accepts jurisdiction for the civil and criminal enforcement of state laws and regulations concerning the following matters and purposes arising in Indian country located within this state, as Indian country is defined by Title 18, United States Code 1151, and obligates and binds this state to the assumption thereof:

A. Compulsory school attendance

B. Juvenile delinquency and youth rehabilitation

C. Dependent, neglected and abused children

D. Insanities and mental illness

E. Public assistance

F. Domestic relations

G. *Operation and management of motor vehicles upon highways and roads maintained by the county or state, or political subdivisions thereof.*" (Emphasis added).

The 1968 Civil Rights Act established new standards for state jurisdiction over criminal and civil actions relating to Indians. The Civil Rights Act of 1968, Pub. L. No. 90–284, 82 Stat. 73. In creating these new standards, that act repealed section 7 of Public Law 280, but did not rescind those areas of jurisdiction which the state had already assumed prior to the repeal of section 7:

Section 7 of the Act of August 15, 1953 (67 Stat. 588), is hereby repealed, but such repeal shall not affect any cession of jurisdiction made pursuant to such section prior to its repeal. (Civil Rights Act of 1968, Pub.L.No. 90–284, 82 Stat. 73, Sec. 403(b)).

Therefore, the validity of I.C. § 67–5101 was not altered by the repeal of section 7, and those areas over which the state had assumed jurisdiction in 1963 remain under state jurisdiction.

■ Michael contends, however, that aggravated driving under the influence is not specifically enumerated under I.C. § 67–5101, and therefore, state jurisdiction does not exist. When a statute's language is broad enough to include a particular subject matter, an intent to exclude it from the statute's operation must be specifically expressed. Although we must construe the statute narrowly, a narrow construction of this statute does not alter our decision in the instant action. *Idaho v. Major*, 111 Idaho 410, 725 P.2d 115 (1986). The United States Supreme Court stated in *Choteau v. Burnet*, 283 U.S. 691, 696, 51 S.Ct. 598, 601, 75 L.Ed. 1353, 1358 (1931):

Royalties received by the government from mineral leases of Indian lands have been held to be beyond a state's taxing power (*Gillespie v. Oklahoma*, 257 U.S. 501, 42 S.Ct. 171, 66 L.Ed. 338 [ (1922) ]; *Shaw v. Oil Corporation*, [276 U.S. 575, 48 S.Ct. 333, 72 L.Ed. 709 (1928) ] supra) on the ground that while in the possession of the United States they are a federal instrumentality, to be used to carry out a governmental purpose. It does not follow, however, that they cannot be subjected to a federal tax. The intent to exclude must be definitely expressed, where, as here, the general language of the act laying the tax is broad enough to include the subject-matter. *Heiner v. Colonial Trust Co.*, 275 U.S. 232, 48 S.Ct. 65, 72 L.Ed. 256 [ (1927) ]; *Shaw v. Oil Corporation*, supra.

■ Subsection (G) of I.C. § 67–5101 does not enumerate *any* specific offenses that might occur in connection with the operation of motor vehicles on highways

and roads maintained by the state. Therefore, there is no reason for the offense which Michael is charged with to be specifically listed. I.C. § 67–5101(G) provides for state jurisdiction over criminal enforcement of state laws concerning the operation of a motor vehicle on highways and roads maintained by the county or state. Mr. Michael is charged with operating a motor vehicle while under the influence of alcohol on a highway operated and maintained by the state of Idaho. The state of Idaho has jurisdiction over this offense.

Secondly, Michael contends that federal courts have exclusive jurisdiction over all felony offenses. I.C. § 18–8006 makes aggravated driving under the influence a felony. However, the Indian Country Crimes Act assigns federal jurisdiction over the following specific major crimes: "... murder, manslaughter, kidnapping, maiming, rape, involuntary sodomy, carnal knowledge of any female, not his wife, who has not attained the age of sixteen years, assault with intent to commit rape, incest, assault with intent to commit murder, assault with a dangerous weapon, assault resulting in serious bodily injury, arson, burglary, robbery, and a felony under section 661 of this title ... within the Indian country...." 18 U.S.C. § 1153.

When a statute enumerates the areas which are to be encompassed in its enforcement, it is generally accepted that those areas not specifically mentioned are not to be included. In other words, the specific mention of one thing implies the exclusion of another; expressio unius est exclusio alterius. *Walla Walla v. Walla Walla Water Co.*, 172 U.S. 1, 22, 19 S.Ct. 77, 86, 43 L.Ed. 341, 350 (1898). Therefore, the Indian Country Crimes Act's exclusion of the felony of aggravated driving while under the influence precludes it as a felony over which the federal government has re-

tained exclusive jurisdiction. The state of Idaho has accepted jurisdiction in I.C. § 67–5101(G) for punishment of criminal offenses relating to the operation of motor vehicles upon highways maintained by the state of Idaho. Hence, 18 U.S.C. §§ 1152 and 1153 do not prohibit the state from exercising jurisdiction over Michael.[1]

Accordingly, the district court's judgment and Michael's conviction are affirmed.

DONALDSON, C.J., and SHEPARD, BAKES and BISTLINE, JJ., concur.

---

1. The Coeur d'Alene tribal court may have concurrent jurisdiction, but its power to provide adequate punishment is limited. The Indian Civil Rights Act of 1968 prohibits tribes from imposing any punishment which exceeds six months and a fine of $500. 25 U.S.C.A. § 1302(7). Since aggravated driving under the influence of alcohol is a felony under state law with a penalty of a $5,000 fine and five years imprisonment, the tribal authorities could well have determined that this was an appropriate circumstance for them to defer to state jurisdiction and it was appropriate for the courts of Idaho to exercise their jurisdiction.