906 P.2d 133

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert W. WARDEN, Defendant–Appellant.**

No. 21224/21363.

Supreme Court of Idaho,
Boise, October 1995 Term.

Nov. 2, 1995.

Charles H. Webb, Lewiston, for appellant.

Larry Echohawk, Idaho Attorney General; Michael Kane, Deputy Attorney General, Boise, for respondent.

SCHROEDER, Justice.

This is a consolidated appeal from a district court sentence which was imposed after the appellant, Robert W. Warden (Warden), offered two conditional guilty pleas based on a plea agreement with the prosecution for Clearwater County. Warden is an enrolled member of the Nez Perce Indian tribe. The district court entered sentences based on the conditional guilty pleas. Warden appeals the State of Idaho's jurisdiction over an enrolled member of the Nez Perce Indian tribe for the offense of driving while under the influence of alcohol on public highways within the boundaries of the Nez Perce Indian reservation.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

On July 6, 1993, Warden received a withheld judgment for the felony offense of driving under the influence of alcohol in Clearwater County in violation of section 18–8004 of the Idaho Code. He was placed on probation for a period of three years by the district court. The terms of the probation included a suspension of his driver's license and driving privileges.

On August 26, 1993, a criminal information was filed in Lewis County alleging that on May 15, 1993, Warden committed the felony offense of driving under the influence of alcohol near Nezperce, Idaho, in Lewis County. Nezperce, Idaho, is within the boundaries of the Nez Perce Indian reservation.

On December 19, 1993, Warden was again arrested in Clearwater County for the felony offense of driving under the influence of alcohol. This alleged offense also occurred on the reservation.

Warden endorsed an agreement to have the Lewis County DUI case consolidated with the Clearwater County DUI charge and the Clearwater County probation violation charge. He and his counsel appeared in

district court at which time the court was advised of an Idaho Criminal Rule 11(d) plea agreement. Warden was to admit to a violation of his probation for the Clearwater County felony DUI and plead guilty to the felony DUI pending in Lewis County. In exchange he would receive dismissal of the charge of felony DUI filed in Clearwater County for the arrest on December 19 and dismissal of several misdemeanor charges. Pursuant to the agreement, he pled guilty to the felony DUI pending in Lewis County and admitted violating the terms and conditions of his probation in Clearwater County. As a result, the district judge found Warden guilty of a probation violation and guilty of the DUI in Lewis County. The district court imposed concurrent sentences to the custody of the Idaho State Board of Corrections for a fixed period of two years and suspension of his driver's license for a period of one year beginning with his release from prison or upon completion of any existing suspension. Warden specifically reserved and was granted the right to appeal the question of the jurisdiction of the district court over an enrolled member of the Nez Perce tribe for such a criminal violation.

## II.

### AN ENROLLED MEMBER OF THE NEZ PERCE INDIAN TRIBE MAY BE PROSECUTED IN STATE COURT FOR DRIVING UNDER THE INFLUENCE OF ALCOHOL WHILE ON A PUBLIC HIGHWAY WITHIN THE BOUNDARIES OF THE NEZ PERCE INDIAN RESERVATION

In 1953 Congress passed what is commonly known as Public Law 280, 18 U.S.C. § 1162, which granted jurisdiction to five states and permitted the remaining states, including Idaho, to statutorily assume jurisdiction over Indians within "Indian country." [1] In 1963 the Idaho legislature enacted section 67–5101 of the Idaho Code and as-

sumed jurisdiction over Indian affairs by the following statutory language:

> [§ 67–5101. State jurisdiction for civil and criminal enforcement concerning certain matters arising in Indian country.] The [S]tate of Idaho in accordance with the provisions of 67 Statutes at Large, page 589 (Public Law 280) hereby assumes and accepts jurisdiction for the civil and criminal enforcement of state laws and regulations concerning the following matters and purposes arising in Indian country located within this state, as Indian country is defined by title 18, United States Code 1151, and obligates and binds this state to the assumption thereof:

> . . . . .

> G. *Operation and management of motor vehicles upon highways and roads maintained by the county or state, or political subdivisions thereof.*

I.C. § 67–5101 (emphasis added).

The Civil Rights Act of 1968 established new standards for state jurisdiction over criminal and civil actions relating to Indians. The Civil Rights Act of 1968, Pub.L. No. 90–284, 82 Stat. 73. In establishing the new standards the Act repealed section 7 of Public Law 280, but the Act did not rescind those areas of jurisdiction which the state had already assumed prior to the repeal of section 7. The Act states that "Section 7 of the Act of August 15, 1953 (67 Stat. 588), is hereby repealed, but such repeal shall not affect any cession of jurisdiction made pursuant to such section prior to its repeal." The Civil Rights Act of 1968, Pub.L. No. 90–284, 82 Stat. 73, Sec. 403(b).

In *State v. Michael,* 111 Idaho 930, 932, 729 P.2d 405, 407 (1986), this Court concluded that "the validity of I.C. § 67–5101 was not altered by the repeal of section 7, and those areas over which the state had assumed jurisdiction in 1963 remain under state jurisdiction."

---

1. "The consent of the United States is hereby given to any other State not having jurisdiction with respect to criminal offenses or civil causes of action, or with respect to both, as provided for in this Act, to assume jurisdiction at such time and in such manner as the people of the State shall, by affirmative legislative action, obligate and bind the State to assumption thereof." Public Law No. 280, § 7, 67 Stat. 588, 590 (1953).

In *Michael* a member of the Coeur d'Alene Indian tribe was convicted of the crime of aggravated driving while under the influence while within the boundaries of the Coeur d'Alene Indian reservation. Michael contended that the State of Idaho lacked jurisdiction to adjudicate this matter, because the matter is subject to the exclusive jurisdiction of the federal courts due to his status as an Indian. 111 Idaho at 931, 729 P.2d at 406. Michael asserted that since aggravated driving under the influence was not specifically enumerated under I.C. § 67–5101, the State lacked jurisdiction to prosecute him. 111 Idaho at 932, 729 P.2d at 407. This Court held that the State of Idaho had jurisdiction, finding that I.C. § 67–5101 granted jurisdiction over the offense of aggravated driving under the influence. "When a statute's language is broad enough to include a particular subject matter, an intent to exclude it from the statute's operation must be specifically expressed." 111 Idaho at 932, 729 P.2d at 407. In rejecting Michael's claim that the court lacked jurisdiction, this Court stated the following:

> Subsection (G) of I.C. § 67–5101 does not enumerate *any* specific offenses that might occur in connection with the operation of motor vehicles on highways and roads maintained by the state. Therefore, there is no reason for the offense which Michael is charged with to be specifically listed. I.C. § 67–5101(G) provides for state jurisdiction over criminal enforcement of state laws concerning the operation of a motor vehicle on highways and roads maintained by the county or state. Mr. Michael is charged with operating a motor vehicle while under the influence of alcohol on a highway operated and maintained by the state of Idaho. The state of Idaho has jurisdiction over this offense.

111 Idaho at 932–33, 729 P.2d at 407–08.

In *State v. Fanning*, 114 Idaho 646, 759 P.2d 937 (Ct.App.1988), the Court of Appeals upheld a conviction of a member of the Coeur d'Alene tribe for violation of I.C. § 18–8004 by driving a motor vehicle while under the influence of alcohol. Fanning contended that the State lacked jurisdiction to prosecute her because she was a Coeur d'Alene Indian operating her vehicle within the boundaries of the Coeur d'Alene Indian reservation. The *Fanning* court found that whether or not the State took proper steps to establish its own jurisdiction in this field is a state law question (relying on *Anderson v. Gladden*, 188 F.Supp. 666 (D.Or.1960), *aff'd* 293 F.2d 463 (9th Cir.), *cert. denied*, 368 U.S. 949, 82 S.Ct. 390, 7 L.Ed.2d 344 (1961)). Consequently, this Court's opinion in *State v. Michael* controlled the issue of jurisdiction. *Fanning*, 114 Idaho at 649, 759 P.2d at 940. The Court of Appeals held that the magistrate properly exercised jurisdiction over Fanning for a violation of I.C. § 18–8004 on a public highway within the Coeur d'Alene Indian reservation.

In 1990 two members of the Nez Perce Indian tribe challenged the jurisdiction of the State of Idaho to require them to submit to breath tests under Idaho's implied consent statute, I.C. § 18–8002, while within the boundaries of the Nez Perce Indian reservation. *State v. McCormack*, 117 Idaho 1009, 793 P.2d 682 (1990). In *McCormack*, this Court relied on *State v. Michael* for the proposition that "the state of Idaho has jurisdiction for enforcement and punishment of criminal offenses relating to the operation of motor vehicles upon highways maintained by the state of Idaho within the boundaries of Indian reservations." *McCormack*, 117 Idaho at 1013, 793 P.2d at 686.

In *McCormack* the Nez Perce tribal members alleged that since the penalty for refusing to take the breath test increased from 90 days at the time of the assumption of jurisdiction under I.C. § 67–5101 to 180 days under I.C. § 18–8002, tribal consent was necessary for the assumption of jurisdiction over the offense. 117 Idaho at 1013, 793 P.2d at 686. This Court rejected the argument:

> Enactment of further procedures and an increase or change in penalty as implemented by the Idaho legislature in I.C. § 18–8002 does not alter the area of jurisdiction assumed by the state and, although the statute has been amended to increase the suspension period, it is not a substantial change sufficient to warrant invalidating the jurisdiction which had been con-

ferred and assumed by the state of Idaho in 1963.

*Id.* at 1013, 793 at 686.

Similarly, there has not been a substantial change in the DUI law sufficient to invalidate the jurisdiction which had been conferred and assumed by the State of Idaho in 1963.

### III.

### CONCLUSION

The State of Idaho has jurisdiction over an enrolled member of an Indian tribe for the offense of driving while under the influence of alcohol on public roads and highways within an Indian reservation located in the State of Idaho. The district court properly exercised jurisdiction over this matter. The decisions of the district court are affirmed.

McDEVITT, C.J., and JOHNSON, TROUT and SILAK, JJ., concur.