906 P.2d 141

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Dion SMITH, Defendant–Appellant.**

No. 21367.

Court of Appeals of Idaho.

Nov. 15, 1995.

William J. Fitzgerald, Lewiston, for appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Dion Smith was convicted of aggravated driving while under the influence of alcohol, I.C. § 18–8006 (DUI), and of leaving the scene of an accident resulting in injury or death, I.C. § 18–8007. In this appeal, Smith challenges his conviction for leaving the scene of an injury accident, contending that the state lacked subject matter jurisdiction to prosecute Smith, a member of the Nez Perce Indian Tribe, for this offense which was committed on an Indian reservation. Smith also argues that the district court improperly instructed the jury on the issue of jurisdiction. Finally, Smith appeals the sentences imposed. For the reasons that follow, we affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

The events underlying this case began on October 21, 1987, when Smith was driving a vehicle that collided with another automobile. The accident occurred on U.S. Highway 95 within the boundaries of the Nez Perce Indian Reservation. Smith was charged by the prosecutor of Nez Perce County, Idaho, with the crimes of aggravated driving while under the influence of alcohol and leaving the scene of an accident resulting in injury.

Because Smith is an Indian and was alleged to have committed the offenses in Indian country, the state possessed jurisdiction

to prosecute Smith only if the charged offenses were among those for which the state has assumed jurisdiction pursuant to I.C. § 67–5101.[1] Following submission of the state's evidence at trial, Smith moved for dismissal. He argued that the state had failed to prove that U.S. Highway 95 was maintained by the state or its political subdivisions and that the state's jurisdiction to prosecute Smith under I.C. § 67–5101(G) therefore had not been proved. The district court denied Smith's motion to dismiss and submitted the case to the jury. Smith was found guilty on both counts. However, when Smith renewed his motion to dismiss by a post-verdict motion, the district court was persuaded to dismiss the charges. The court held that the state had not proved that U.S. Highway 95 was maintained by the state or a political subdivision, and that subject matter jurisdiction therefore had not been established.

The state appealed the dismissal order. In that appeal, this Court held that the dismissal was erroneous because the state had made a prima facie showing that Highway 95 was maintained by the state of Idaho. *See State v. Smith,* 124 Idaho 671, 675, 862 P.2d 1093, 1097 (Ct.App.1993).

Following remand from that appeal, the district court entered a judgment of conviction based upon the jury verdict. For each offense, the district court sentenced Smith to a determinate two and one-half-year term of incarceration, followed by an indeterminate term of two and one-half-years. The court ordered that the sentences be served consecutively.

Smith now appeals, raising jurisdictional issues that are related to those presented in the prior appeal. First, he argues that a new trial is necessary because the district court did not properly instruct the jury regarding subject matter jurisdiction. Second, Smith contends that his conviction for violating I.C. § 18–8007 by leaving the scene of an injury accident is invalid because that offense, when committed in Indian country, does not fall within the purview of the state's jurisdiction under I.C. § 67–5101. Finally, Smith asserts that the district court abused its discretion in sentencing.

## II.

### JURY INSTRUCTIONS

We begin with Smith's claim that he is entitled to a new trial due to error in the jury instructions. He argues that the instructions did not inform the jury that the state was required to prove facts necessary to establish its jurisdiction, and did not ask the jury to decide whether the jurisdictional predicate had been proved beyond a reasonable doubt.

Whether a jury was properly instructed is a question of law over which an appellate court exercises free review. *State v. Roll,* 118 Idaho 936, 801 P.2d 1287 (Ct. App.1990). In the instant case, however, our review of the jury instructions is made impossible by the inadequacy of the record before us. The instructions that were given to the jury are not included in the appellate record. It is an appellant's burden to establish a record and to preserve it on appeal to substantiate his or her contentions before the appellate court. *State v. Sima,* 98 Idaho 643, 570 P.2d 1333 (1977); *State v. Clark,* 124 Idaho 308, 859 P.2d 344 (Ct.App.1993). In the absence of a record necessary to our review, we will not presume error. *Sima,* 98 Idaho at 644, 570 P.2d at 1334; *State v. Peterson,* 87 Idaho 147, 391 P.2d 846 (1964). Because Smith has not provided an adequate record for review, we will not address the alleged impropriety of the jury instructions.

## III.

### JURISDICTION TO PROSECUTE FOR VIOLATION OF I.C. § 18–8007

We turn next to Smith's assertion that the state of Idaho does not have jurisdiction to

---

1. I.C. § 67–5101 provides, in part:

    The state of Idaho, in accordance with the provisions of 67 Statutes at Large, page 589 (Public Law 280) hereby assumes and accepts jurisdiction for the civil and criminal enforcement of state laws and regulations concerning the following matters and purposes arising in Indian country located within this state, as

    Indian country is defined by title 18, United States Code 1151, and obligates and binds this state to the assumption thereof:

    . . . .

    G. Operation and management of motor vehicles upon highways and roads maintained by the county or state, or political subdivisions thereof.

prosecute him for leaving the scene of an accident involving injury, I.C. § 18–8007. Smith argues that this offense is not one over which the state assumed jurisdiction when it enacted I.C. § 67–5101.

■ The history and development of law regarding the scope of state jurisdiction within Indian country is thoroughly treated in *State v. Major,* 111 Idaho 410, 725 P.2d 115 (1986); *Sheppard v. Sheppard,* 104 Idaho 1, 655 P.2d 895 (1982); and *Boyer v. Shoshone–Bannock Indian Tribes,* 92 Idaho 257, 441 P.2d 167 (1968), and will be reiterated here only in abbreviated terms. We begin with the recognition that states possess no jurisdiction over matters arising within the territory of Indian tribes, absent Congressional authorization. *Williams v. Lee,* 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959); *Boyer,* 92 Idaho at 260–61, 441 P.2d at 170–71. In 1953, Congress enacted Public Law 280, which empowered states to assume limited civil and criminal jurisdiction over activities of Indians within Indian country by affirmative legislative action.[2] The Idaho legislature responded by enacting I.C. § 67–5101, thereby extending state jurisdiction to certain matters and controversies arising on Indian reservations.[3]

In the present case, the state predicates its claim of jurisdiction upon Section 67–5101(G), which, with respect to conduct occurring in Indian country, authorizes the state to enforce its criminal laws pertaining to the "operation and management of motor vehicles upon highways and roads maintained by the county or state, or political subdivisions thereof."

■ Statutes like I.C. § 67–5101, which confer state jurisdiction over the conduct of Indians on reservations, must be narrowly construed so as to minimize erosion of tribal sovereignty. *State v. Michael,* 111 Idaho 930, 932, 729 P.2d 405, 407 (1986); *State v. Major,* 111 Idaho at 416, 725 P.2d at 121. Courts addressing issues of state jurisdiction in Indian country are guided by the canon of construction that state and federal legislation passed for the benefit of Indians is to be construed in the Indians' favor. *Id.; Sheppard,* 104 Idaho at 15, 655 P.2d at 909. However, when a statute's language is broad enough to include a particular subject matter, an intent to exclude it from the statute's operation must be specifically expressed. *Michael,* 111 Idaho at 932, 729 P.2d at 407.

■ Smith concedes that one of the offenses for which he was convicted, aggravated DUI, I.C. § 18–8006, is an offense which the state may prosecute under Section 67–5101 if it occurs on a highway maintained by a county, the state, or a political subdivision thereof. *See State v. Michael, supra.* Smith argues, however, that the other offense with which he was charged, leaving the scene of an injury accident, I.C. § 18–8007,[4] is only

---

**2.** The Act of August 15, 1953, commonly referred to as Public Law 280, provided:

The consent of the United States is hereby given to any other State not having jurisdiction with respect to criminal offenses or civil causes of action, or with respect to both, as provided for in this Act, to assume jurisdiction at such a time and in such a manner as the people of the State, shall, by affirmative legislative action, obligate and bind the State to assumption thereof.

Public Law No. 280, ch. 505 § 7, 67 Stat. 588, 590 (1953).

**3.** In the 1968 Civil Rights Act, Congress established new standards for state jurisdiction over criminal and civil actions relating to Indians. The Civil Rights Act of 1968 repealed Section 7 of Public Law 280, but did not rescind those areas of jurisdiction which states had already assumed prior to the repeal of section 7. Civil Rights Act of 1968, Pub.L. No. 90–284, 82 Stat. 73, Sec. 403(b). *See also State v. McCormack,* 117 Idaho 1009, 1012–13, 793 P.2d 682, 685–86

(1990). As a result, the validity of I.C. § 67–5101 was not altered.

**4.** I.C. § 18–8007 states in part:

(1) The driver of any vehicle that has been involved in an accident, either upon public or private property open to the public, who knows or has reason to know that said accident has resulted in injury to or death of any person shall: ·

(a) Immediately stop the vehicle at the scene of the accident or as close thereto as possible. Every stop required under this section shall be made without obstructing traffic more than is necessary.

(b) Remain at the scene of the accident until the driver has fulfilled all the requirements under this section.

(c) Give his name, address, the name of his insurance agent or company if he has automobile liability insurance, and the motor vehicle registration number of the vehicle he is

tangentially related to the operation of motor vehicles. Because the state alleged that Smith fled from the accident scene on foot, and that his vehicle remained at the scene of the collision, Smith contends that the offense occurred after all operation of his motor vehicle had ceased. Therefore, he argues, the offense does not fall within the ambit of the state's jurisdiction under I.C. § 67–5101(G) to enforce laws concerning "operation and management of motor vehicles."

Smith's argument is unpersuasive. Section 18–8007 applies only to "the driver of any vehicle that has been involved in an accident ... who knows, or has reason to know that said accident has resulted in injury to or death of any person." The wording of the statute makes it clear that the statute may be invoked only against a motor vehicle operator and only if the vehicle has been involved in an accident. Hence, Section 18–8007 defines an offense that arises out of the "operation and management of a motor vehicle" and comes within the purview of I.C. § 67–5101(G).

## IV.

## SENTENCING

As his final claim of error, Smith asserts that his sentences are excessive. The district court imposed a unified sentence of five years with a two and one-half-year minimum period of incarceration for each offense and ordered that the sentences run consecutively. Thus, Smith will have to serve a minimum of five years in confinement before becoming eligible to be released on parole. Smith contends that the trial court, when fashioning these sentences, failed to consider that Smith had a stable family background and that, following the trial, he had maintained employment, pursued a course of alcohol treatment and obtained a GED.

> driving to the person struck, or to the driver or occupant of or person attending any vehicle collided with.
> (d) If available, exhibit his driver's license to the person struck, or to the driver or occupant of or person attending any vehicle collided with.
> (e) Render to any person injured in the accident reasonable assistance, including the

Where sentences are within statutory limits, as both sentences are in this case, they will not be disturbed on appeal absent an abuse of the sentencing court's discretion. *State v. Hedger,* 115 Idaho 598, 604, 768 P.2d 1331, 1337 (1989). We will not conclude on review that the sentencing court abused its discretion unless the sentence is unreasonable under the facts of the case. *State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992). A defendant bears the burden to show that the sentence is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Broadhead,* 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds, State v. Brown, supra; State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

Where an appellant contends the trial court imposed an excessive sentence, we conduct an independent review of the record, giving regard to the nature of the offense, the character of the offender, and the public interest. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). Smith's offenses, aggravated driving under the influence and leaving the scene of an accident which involved injury, are serious crimes. While extremely intoxicated, Smith turned the vehicle he was driving into the path of an oncoming automobile. Smith and his passenger, who had also been drinking, left the scene of the accident with knowledge that other individuals had been injured. As a result of the collision, a twenty-six-year-old passenger in the other car sustained head injuries that caused severe physical and mental disabilities rendering her unable to talk, walk or control her bodily functions. She also sustained other injuries that necessitated the removal of her spleen. This victim required twenty-four hour care until her death in 1990.

> conveying or the making of arrangements for the conveying of such person to a physician, surgeon, hospital or other medical facility, for medical or surgical treatment, if it is apparent that such treatment is necessary or if such conveying is requested by the injured person.

With regard to Smith's character, the presentence investigation revealed that Smith had three prior convictions for DUI. His record also included convictions for driving while his license was suspended and for numerous other traffic offenses. Following Smith's trial in the present case, and while he was free pending the state's appeal of the district court's dismissal order, he had yet another DUI conviction and two more driving without privilege offenses. In addition, Smith told the presentence investigator that he had increased his consumption of alcohol since 1988 and had used marijuana and cocaine. Even after the jury's verdict, he continued to assert that he was not involved in the collision, insisting that he was "set up." Smith has refused to complete drug and alcohol treatment and has shown no remorse for his offenses. He has thus demonstrated a continuing disregard for the safety of others and a refusal to accept responsibility for his conduct.

The trial court found it "incredible" that Smith continued to drive while intoxicated after this tragedy. The court concluded that a period of forced abstinence was necessary to enable the defendant to take substance abuse rehabilitation seriously and that incarceration was necessary to deter Smith and others from similar conduct in the future. The evidence amply supports the district court's conclusion that Smith presented a serious risk to reoffend and that the sentence imposed was necessary to deter Smith and others and to protect society. It is our conclusion, therefore, that the district court did not abuse its discretion in sentencing.

## V.

## CONCLUSION

The judgments of conviction and the respective sentences for aggravated driving under the influence of alcohol and leaving the scene of an injury accident are affirmed.

WALTERS, C.J., and TRANSTRUM, J. Pro Tem., concur.