957 P.2d 1095

STATE of Idaho, Plaintiff–Respondent,

v.

Michael A. BARROS, Defendant–
Appellant.

No. 23349.

Supreme Court of Idaho,
Boise, January 1998 Term.

April 1, 1998.

Knowlton, Miles & Merica, Lewiston, for appellant. Charles E. Kovis argued.

Hon. Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General, Boise, for respondent. Catherine O. Derden argued.

TROUT, Chief Justice.

This appeal arises from the magistrate court's denial of the defendant's motion to dismiss and/or suppress. The defendant argues that state law enforcement officials lack the authority to arrest tribal members on reservation land for offenses committed on public roads.

## I.

## BACKGROUND

On the morning of April 27, 1995, Nez Perce County dispatch received several telephone calls about a suspected intoxicated driver in a blue Toyota Tercel, license number N32592, in the vicinity of Highway 95 and Webb Road. Officer Weadick of the Idaho State Police was dispatched to locate the driver. While Officer Weadick was en route, he was informed by dispatch that the blue Toyota was traveling down Webb Road and being followed by some private citizens (citizens). After turning onto Webb Road, Officer Weadick saw several citizens standing at the entrance to a driveway. The citizens told Officer Weadick that the blue Toyota in the driveway was the car they had reported and that the driver, who they described, had gone into the mobile home next to the driveway.

The mobile home was located within the Nez Perce Reservation and on Nez Perce tribal trust property. Appellant Barros lived in the mobile home along with his grandmother. Both Barros and his grandmother are enrolled members of the Nez Perce Tribe. Officer Weadick knocked on the door of the mobile home. The door was answered by Barros' grandmother who invited Officer Weadick inside. The Officer went to a rear bedroom where he found Barros asleep. Officer Weadick woke Barros and observed that Barros' pants were soaked with urine, his breath had an odor of alcohol, his eyes were red and bloodshot, his speech was slow and slurred, and he had trouble maintaining his balance. Officer Weadick escorted Barros out of the mobile home to the driveway where he was identified by the citizens as the driver of the Toyota. Barros refused to take a field sobriety test when requested by Officer Weadick. Officer Weadick then arrested Barros for driving under the influence of alcohol (DUI) in violation of I.C. § 18–8004.

Barros pled not guilty to the DUI charge in magistrate court. Barros then filed a motion to dismiss and/or suppress alleging that Officer Weadick was without authority to arrest Barros on tribal trust property. After a hearing, the magistrate court in a written order denied the motion solely on the basis that Officer Weadick had the authority to make the arrest. Barros then entered into a conditional plea agreement under I.C.R. 11(a)(2). Under the plea agreement, Barros pled guilty to misdemeanor DUI and preserved his right to appeal the magistrate court's denial of his motion to dismiss and/or suppress. Barros appealed to the district court which, after a hearing, affirmed the magistrate court's ruling. Barros timely filed an appeal with this Court.

## II.

## STANDARD OF REVIEW

Where, as here, the issue presented was first decided in the magistrate division of the district court and then appealed to the district court, we review the magistrate's decision independently of, but with due regard for, the district court's appellate decision.

*Toyama v. Toyama,* 129 Idaho 142, 922 P.2d 1068 (1996) (citation omitted). Although in a motion to suppress the trial court's findings of fact are reviewed for clear error, *State v. Weber,* 116 Idaho 449, 776 P.2d 458 (1989), if the only issue on appeal is jurisdiction, it is a question of law over which this court exercises free review. *City of Sun Valley v. Sun Valley Co.,* 128 Idaho 219, 912 P.2d 106 (1996).

## III.

## JURISDICTION

■ The only issue on appeal is whether the magistrate court erred in denying Barros' motion to dismiss and/or suppress. We note that the ground for the dismissal cannot be that Officer Weadick lacked authority to make the arrest, since an illegal arrest does not deprive a court of jurisdiction to hear a case. *Frisbie v. Collins,* 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); *State v. Smith,* 117 Idaho 891, 792 P.2d 916 (1990); *State v. Barnhouse,* 111 Idaho 673, 726 P.2d 785 (Ct.App.1986). We must, therefore, treat Barros' motion to dismiss as contingent upon the success of his motion to suppress. In denying Barros' motion, the magistrate court addressed only the jurisdictional issue and did not determine when Barros was seized in order to ascertain what, if any, evidence should be suppressed. This problem is exacerbated by the fact that on appeal Barros has not provided this Court with a transcript of the magistrate court hearing so that we can make a determination of what evidence was obtained after Barros was seized.

■ "The appellant has the initial burden of presenting a record sufficient to enable an appellate court to decide the case." *State ex rel. Hodges v. Hodges,* 103 Idaho 765, 765, 653 P.2d 1177, 1177 (1982). This Court will not consider issues where the record presented is insufficient to provide a basis for making a decision. *Id.* The motion to suppress, however, encompasses not only the issue of what evidence should be suppressed, but also the threshold issue of jurisdiction. Jurisdiction is purely a question of law for which the record is adequate to allow meaningful re-

view. We, therefore, will address only the issue of Officer Weadick's authority to arrest Barros. *See, e.g., State v. Valdez–Molina,* 127 Idaho 102, 897 P.2d 993 (1995) (challenge based on purely legal ground can be decided even though factual basis sketchy); *State v. Culbertson,* 105 Idaho 128, 666 P.2d 1139 (1983) (deciding purely legal issue and remanding to district court for additional fact finding).

Simply put, the issue in this case is whether the word "upon" in I.C. § 67–5101(G) limits the jurisdiction of state officials to enforce state traffic laws to the actual road right-of-way. It is clear that state officials have no power on tribal lands absent a grant of authority from Congress. *Washington v. Confederated Bands and Tribes of the Yakima Indian Nation,* 439 U.S. 463, 99 S. Ct. 740, 58 L.Ed.2d 740 (1979). Idaho's grant of jurisdiction is through Public Law 280. Ch. 505, 67 Stat. 588 (1953). When enacted, Public Law 280 granted five states, later six when Alaska was admitted to the Union, jurisdiction over most criminal and civil actions throughout most of the Indian country within their borders. States not named in the statute were given the option "to assume jurisdiction at such time and in such manner as the people of the state shall, by affirmative legislative action, obligate and bind the State to assumption thereof." Public Law 280, Sec. 7. Idaho assumed partial jurisdiction over Indian country within the state by the passage of I.C. § 67–5101 in 1963. Once a state accepted jurisdiction, its laws had the "same force and effect in Indian country as they [had] elsewhere within the state." Public Law 280, Sec. 2. Apparently in response to dissatisfaction with Public Law 280 by Indian tribes, Congress, in the Civil Rights Act of 1968, Pub.L. No. 90–284, 82 Stat. 73, repealed § 7 of Public Law 280. The Civil Rights Act of 1968, however, preserved any jurisdictional authority states had assumed prior to the repeal of § 7. The Civil Rights Act of 1968, Pub.L. No. 90–284, 82 Stat. 73, Sec. 403(b); *State v. Michael,* 111 Idaho 930, 729 P.2d 405 (1986).

Previous decisions by this Court have clearly established that Idaho can enforce drunk driving laws against tribal members

on public roads within the boundaries of Indian reservations. *State v. Warden,* 127 Idaho 763, 906 P.2d 133 (1995); *State v. McCormack,* 117 Idaho 1009, 793 P.2d 682 (1990); *State v. Michael,* 111 Idaho 930, 729 P.2d 405 (1986). Barros does not challenge the State's authority to arrest tribal members for DUI on public roads, but contends that the State's authority ends at the boundary of the road right-of-way. This is a question of first impression in Idaho.

■ In order to assert jurisdiction over tribal reservations and members, a state must overcome two barriers. First, the exercise of jurisdiction must not have been preempted by federal law, and second, it may not unlawfully infringe on a tribe's right of sovereignty. *White Mountain Apache Tribe v. Bracker,* 448 U.S. 136, 142, 100 S.Ct. 2578, 2583, 65 L.Ed.2d 665 (1980). There is no contention that enforcement of traffic laws has undergone federal preemption. Thus, the only question is if the assertion of the jurisdiction by Idaho improperly infringes upon tribal sovereignty.

■ Recent decisions by the United States Supreme Court, while not ignoring tribal sovereignty, "have established a 'trend ... away from the idea of inherent Indian sovereignty as a bar to state jurisdiction and toward reliance on federal pre-emption'." *Rice v. Rehner,* 463 U.S. 713, 718, 103 S.Ct. 3291, 3295, 77 L.Ed.2d 961 (1983) (citation omitted). Instead, Indian sovereignty is used "as a backdrop against which the applicable treaties and federal statutes must be read." *Id.* at 719, 103 S.Ct. at 3295 (quotes and citation omitted). Thus, when the balance of state, federal and tribal interest requires it, less weight is given to the backdrop of tribal sovereignty. *Id.* at 720, 103 S.Ct. at 3296.

■ "The law is well established that the standard of construction requires this Court to narrowly construe any statutes extending state jurisdiction over Indian Country." *State v. McCormack,* 117 Idaho 1009, 1012, 793 P.2d 682, 685 (1990) (citations omitted). However, "[w]hen a statute's language is broad enough to include a particular subject matter, an intent to exclude it from the statute's operation must be specifically expressed." *State v. Michael,* 111 Idaho 930, 932, 729 P.2d 405, 407 (1986). Idaho Code § 67–5101 gives the State the power of criminal enforcement of state laws in Indian country. The power to enforce includes the power to arrest. Barros argues that the word "upon" in § 67–5101(G) limits the power of enforcement to the actual right-of-way of a public road. However, we read the purpose of the "upon" language as a designation of where the crime, in the words of § 67–5101, must "aris[e] in Indian country" to confer enforcement power on state officials. In other words, once a crime has been committed on a highway or road maintained by the state or a political subdivision thereof, state law enforcement officers gain jurisdiction and have the same power they would have if the crime had been committed outside of Indian country, including the power to arrest beyond the road right-of-way. If, on the other hand, the crime did not occur upon a publicly maintained road, state law enforcement officers would have no jurisdiction under I.C. § 67–5101(G) and so no power of arrest either on or off the right-of-way.

■ Barros notes that under the Nez Perce Tribal Code § 4–2–8(a)(2), tribal officers had the authority to arrest Barros. By this Barros appears to imply that tribal officers have exclusive jurisdiction to arrest tribal members for DUI. However, under current law, § 4–2–8 of the Tribal Code would only serve to grant concurrent jurisdiction to tribal officers. Public Law 280 gave the laws of states assuming jurisdiction over Indian country the same force and effect as outside of Indian country. Public Law 280 Sec. 2. Since police officers have the power to arrest off the road right-of-way for DUI outside of the reservation, they also have the same arrest power on the reservation. In addition, the Nez Perce Tribe does not have an extensive vehicle code, but simply incorporates the relevant Idaho Code sections. *See,* Nez Perce Code § 4–2–7. Thus, in terms of motor vehicles, there is no tradition of tribal independence that would bar state officials from having the power to arrest. *Rice v. Rehner,* 463 U.S. 713, 103 S.Ct. 3291, 77 L.Ed.2d 961 (1983).

Barros analogizes his situation to that of a police officer from Idaho attempting to arrest someone in Washington. The analogy does not apply to the present case since, unlike the situation that exists between Idaho and the Nez Perce Tribe, there is no area of law enforcement where Idaho has obtained jurisdiction in Washington.

## IV.

### CONCLUSION

For the reasons stated above, we agree with the magistrate court's ruling that Officer Weadick had the authority to arrest Barros and so affirm its denial of Barros' motion to dismiss and/or suppress.

SILAK, SCHROEDER and WALTERS, JJ., concur.

JOHNSON, Justice, concurring in the result.

I concur in the result the Court reaches in its opinion, but not in the Court's analysis. In my view, there is no reason for the Court to address the issue of jurisdiction. Whether Officer Weadick had authority to arrest Barros or not is not determinative of this case. As the Court's opinion points out, an illegal arrest does not deprive a court of jurisdiction to hear a case. In addition, the record before us does not indicate what, if anything, Barros might seek to have suppressed that was seized following his arrest. Therefore, in my view, it makes no difference to the result here whether or not Officer Weadick had authority to arrest Barros.