**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43321**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 664** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: August 30, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ROBERT WESLEY WARDEN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Gregory FitzMaurice, District Judge.

Order denying motion to dismiss, <u>affirmed</u>; judgment of conviction and sentence for misdemeanor excessive driving under the influence, <u>affirmed</u>.

Victoria A. Olds, Idaho County Public Defender; Grangeville, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Robert Wesley Warden appeals from the district court's order denying his motion to dismiss and from the judgment of conviction for misdemeanor excessive driving under the influence. We affirm.

## I.

## BACKGROUND

A local pistol shooting group was conducting target practice at a gravel pit located adjacent to State Highway 13 in Idaho County. Witnesses from the group observed Warden driving his pickup on State Highway 13, then leave the highway to enter the gravel pit. Warden is an enrolled member of the Nez Perce Tribe. He approached the individuals, stated that the gravel pit is part of the Nez Perce Reservation, and accused them of being on tribal property

1

without permission. Witnesses perceived that Warden was intoxicated and called 911. An Idaho County Sheriff's deputy arrived at the scene and ultimately arrested Warden.

The State filed a criminal information charging Warden with felony operation of a motor vehicle while under the influence of alcohol "upon a public highway, to wit: Idaho State Highway 13." Warden pled not guilty. Though he was represented by counsel, Warden filed a pro se, ex parte motion to dismiss, claiming that the district court lacked jurisdiction because "the crime occurred on Indian allotted land and contracts the Idaho Transportation Department and protected by right-of-way easements Indian Allotments 1661 & 1664." The State then amended its information to charge Warden with driving while under the influence of alcohol "upon a public highway maintained by the county or state, or political subdivisions thereof, to wit: Idaho State Highway 13." The district court subsequently denied Warden's motion to dismiss. A jury trial resulted in a mistrial. Thereafter, Warden entered an *Alford*[1] plea to a reduced charge of misdemeanor excessive driving under the influence and preserved the jurisdictional issue for appeal. Warden timely appeals.

## II.

## ANALYSIS

Warden asserts that the district court erred when it denied his motion to dismiss because the state of Idaho lacked subject matter jurisdiction. Whether a court lacks jurisdiction is a question of law over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). Because the indictment or information provides subject matter jurisdiction to the court, the court's jurisdictional power depends on the legal sufficiency of the charging document. *Id.* at 758, 101 P.3d at 702. "To be legally sufficient, a charging document must meet two requirements: it must impart jurisdiction and satisfy due process." *State v. Severson*, 147 Idaho 694, 708, 215 P.3d 414, 428 (2009).

The State filed an amended information which alleged that Warden violated Idaho Code §§ 18-8004(1)(a) and 18-8005(9) by operating a motor vehicle under the influence of alcohol on State Highway 13. Previous decisions by the Idaho Supreme Court have clearly established that the state of Idaho can enforce drunk driving laws against tribal members on public roads within the boundaries of Indian reservations. *State v. Barros*, 131 Idaho 379, 381-82, 957 P.2d 1095, 1097-98 (1998); *see State v. Warden*, 127 Idaho 763, 906 P.2d 133 (1995); *State v. McCormack*,

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

117 Idaho 1009, 793 P.2d 682 (1990); *State v. Michael*, 111 Idaho 930, 729 P.2d 405 (1986). Warden does not challenge the State's authority to arrest tribal members for driving under the influence on public roads, but contends that the State's authority ends at the boundary of the road right-of-way which is not being maintained, used, or intended to be used for the purposes of highway vehicular travel.

It is clear that state officials have no power on tribal lands absent a grant of authority from Congress. *Washington v. Confederated Bands and Tribes of the Yakima Indian Nation*, 439 U.S. 463 (1979). Idaho's grant of jurisdiction is through Public Law 280. Ch. 505, 67 Stat. 588 (1953).[2] In 1963, Idaho assumed partial jurisdiction over Indian country within the state by the passage of I.C. § 67-5101. Once a state accepted jurisdiction, its laws had the "same force and effect in Indian country as they [had] elsewhere within the state." Public Law 280, Sec. 2.

Idaho Code § 67-5101 provides that the state of Idaho:

> assumes and accepts jurisdiction for the civil and criminal enforcement of state laws and regulations concerning the following matters and purposes arising in Indian country located within this state . . . and obligates and binds this state to the assumption thereof . . . [o]peration and management of motor vehicles upon highways and roads maintained by the county or state, or political subdivisions thereof.

State Highway 13 is maintained by the Idaho Transportation Department. Warden "asks the Court to make a fact-specific determination that the definition [of highways and roads] should not include the gravel pit." This determination is irrelevant because Warden was not charged with or convicted of operating a motor vehicle under the influence of alcohol in the gravel pit. Rather, the State's amended information asserted that Warden was operating a motor vehicle under the influence on State Highway 13, which is sufficient to confer subject matter jurisdiction upon the district court. Because the district court had subject matter jurisdiction, it did not err in denying the motion to dismiss.

---

[2]     Public Law 280, passed by Congress on August 15, 1953, automatically transferred to five states, and offered to all other states, certain limited jurisdiction over Indians while in Indian country. Act of Aug. 15, 1953, ch. 505, § 7, 67 Stat. 590. This Act, as amended at 25 U.S.C. §§ 1321-1326 (1970), is commonly referred to as "Public Law 280." *See State v. McCormack*, 117 Idaho 1009, 1011, 793 P.2d 682, 684 (1990).

## III.
## CONCLUSION

Warden has not demonstrated that the district court lacked subject matter jurisdiction. The district court's order denying Warden's motion to dismiss and Warden's judgment of conviction are affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.