# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49617

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

WILLIAM EWART GLADSTONE-BIGWOLF,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: April 18, 2023

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Lamont C. Berecz, District Judge.

Order denying motion to dismiss, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

William Ewart Gladstone-Bigwolf was charged with possession with intent to deliver marijuana and possession with intent to deliver psychedelic mushrooms. Idaho Code §§ 37-2732(b), 37-2732(a). Gladstone-Bigwolf filed a motion to dismiss for lack of jurisdiction which the district court denied. Gladstone-Bigwolf appeals, arguing that the district court erred in denying his motion to dismiss for lack of jurisdiction because he intended to use the psychedelic mushrooms found in his possession for traditional ceremonial and religious purposes, and because he was stopped while traveling to the Blackfoot Reservation, on land that was historically designated as tribal land. For the reasons set forth below, we affirm.

1

# I.

# FACTUAL AND PROCEDURAL BACKGROUND

Gladstone-Bigwolf was arrested and charged with possession with intent to deliver marijuana and possession with intent to deliver psychedelic mushrooms. I.C. §§ 37-2732(b), 37-2732(a). Gladstone-Bigwolf filed a motion to dismiss arguing his detention and the search of his vehicle were unlawful because, among other things, prosecution for the possession of these drugs for use in religious and Native American tribal activities is barred by U.S. Code governing free exercise of traditional Native American religion. Gladstone-Bigwolf also filed a supplemental motion to dismiss making two additional arguments for the claim that the court lacked jurisdiction: (1) the district court lacked jurisdiction because he was engaged in the practice of tribal medicine as purportedly authorized by a treaty executed in 1896; and (2) the district court lacked jurisdiction because all of North Idaho was at one time designated as tribal lands, absent evidence that Congress rescinded designation of tribal lands it remained tribal land, and Idaho is without jurisdiction over tribal members on what is tribal land.

The district court denied the motion holding that neither of the federal statutes on which Gladstone-Bigwolf relied were applicable and that because there is no evidence that the traffic stop occurred on an Indian reservation and Gladstone-Bigwolf presented no federal law to the contrary, the State of Idaho possesses jurisdiction over the prosecution of Gladstone-Bigwolf.

Following mediation, Gladstone-Bigwolf entered a plea to an amended charge of possession with intent to deliver peyote, I.C. § 37-2732(a), reserving the right to appeal the denial of his motion to dismiss. Gladstone-Bigwolf appeals.

# II.

# STANDARD OF REVIEW

Jurisdiction is a question of law. *State v. Barros*, 131 Idaho 379, 381, 957 P.2d 1095, 1097 (1998). Over questions of law, we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

# III.

# ANALYSIS

Mindful that the arguments he makes are not supported by existing case law, Gladstone-Bigwolf argues the State lacked jurisdiction to prosecute him for possessing psychedelic mushrooms because he intended to use those mushrooms for traditional ceremonial and religious

2

purposes, and he was transporting those mushrooms from Oregon to the Blackfoot Reservation on land that was historically designated as tribal land.

Notwithstanding the limitations on jurisdiction over state crimes committed within tribal land, a state possesses jurisdiction over tribal members who violate state laws outside of reservation boundaries. *State v. Mathews*, 133 Idaho 300, 312, 986 P.2d 323, 335 (1999). Thus, outside of tribal land, state criminal jurisdiction over Indians is coextensive with the state's jurisdiction over non-Indians. *Id.* Gladstone-Bigwolf acknowledges that he was stopped outside of any reservation boundaries.

Idaho courts obtain personal jurisdiction over a criminal defendant when the defendant appears in court. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). There is no dispute that Gladstone-Bigwolf appeared in court. Thus, the district court had personal jurisdiction over Gladstone-Bigwolf.

Additionally, subject matter jurisdiction in a criminal case is conferred by the filing of an information, indictment, or complaint alleging an offense was committed within the State of Idaho. *Id.* The district court had subject matter jurisdiction because the information charged trafficking in marijuana and possession of psychedelic mushrooms with intent to deliver in Bonner County, Idaho.

Gladstone-Bigwolf acknowledges that, under existing law, a state possesses criminal jurisdiction over Indians who violate state laws outside of reservation boundaries and that he was not stopped on land located in the current boundaries of a federally-recognized Indian reservation. However, Gladstone-Bigwolf attached a map to his brief below to support his claim that he was stopped on land that was "historically" tribal land. In evaluating the map, the district court found that the map is not to scale, does not depict roads or highways, and provides no indication that where the stop occurred is a recognized Indian reservation. Additionally, Gladstone-Bigwolf did not provide an explanation of how the map supported his position and makes no such argument on appeal. Thus, although the district court acknowledged that Gladstone-Bigwolf is a member of the Blackfoot Tribe in the State of Montana, the district court correctly found that the State of Idaho possesses jurisdiction over Gladstone-Bigwolf in this case.

To support his claim that he could not be prosecuted for possession of marijuana and mushrooms used as a part of native religious practices, Gladstone-Bigwolf cited to 42 U.S.C.

1996a,[1] which discusses the allowance of peyote for religious practices, and 42 U.S.C. 2000bb-1,[2] which prevents the government from substantially burdening a person's exercise of religion.  The district court found that neither federal statute is applicable to psychedelic mushrooms.  Gladstone-Bigwolf acknowledges the language in the federal statutes is not directly applicable and that the State of Idaho has only exempted from criminal sanctions the sacramental use of peyote, not the sacramental use of psychedelic mushrooms (or marijuana).  I.C. § 37-2732A.  Gladstone-Bigwolf asks that this Court "consider the legacy of oppression of Native Americans and the manner in which he intended to use the mushrooms and [marijuana/]hemp found in his possession in considering the injustice of his prosecution."  Gladstone-Bigwolf's arguments are not supported

---

[1] In relevant part, 42 U.S.C. 1996a states:

(b) Use, possession, or transportation of peyote

 (1) Notwithstanding any other provision of law, the use, possession, or transportation of peyote by an Indian for bona fide traditional ceremonial purposes in connection with the practice of a traditional Indian religion is lawful, and shall not be prohibited by the United States or any State.  No Indian shall be penalized or discriminated against on the basis of such use, possession or transportation, including, but not limited to, denial of otherwise applicable benefits under public assistance programs.

 (2) This section does not prohibit such reasonable regulation and registration by the Drug Enforcement Administration of those persons who cultivate, harvest, or distribute peyote as may be consistent with the purposes of this section and section 1996 of this title.

 (3) This section does not prohibit application of the provisions of section 481.111(a) of Vernon's Texas Health and Safety Code Annotated, in effect on October 6, 1994, insofar as those provisions pertain to the cultivation, harvest, and distribution of peyote.

[2] 42 U.S.C. 2000bb-1 reads as follows:

(a) In general:  Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b).

(b) Exception:  Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person--

 (1) is in furtherance of a compelling governmental interest; and

 (2) is the least restrictive means of furthering that compelling governmental interest.

(c) Judicial relief:  A person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government.  Standing to assert a claim or defense under this section shall be governed by the general rules of standing under article III of the Constitution.

by any law. This Court cannot create an exception without a basis in law. As Gladstone-Bigwolf acknowledges, the possession and/or use of marijuana and psychedelic mushrooms even for religious or ceremonial purposes is not an exception under Idaho law and no statute or case law supports an argument for any such exception. Thus, the district court did not err in denying Gladstone-Bigwolf's motion to dismiss for lack of jurisdiction.

## IV.

## CONCLUSION

The district court properly concluded that the court had jurisdiction over Gladstone-Bigwolf. Thus, the district court's order denying Gladstone-Bigwolf's motion to dismiss is affirmed.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.