101 P.3d 699

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Benjamin Arlo JONES, Defendant–Appellant.**

No. 29803.

Supreme Court of Idaho,
Boise, September 2004 Term.

Nov. 10, 2004.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Justin M. Curtis, Deputy State Appellate Public Defender, argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth K. Jorgensen, Deputy Attorney General, argued.

BURDICK, Justice.

Benjamin Arlo Jones appeals his judgment of conviction, arguing the charging document filed against him omitted a material element of the offense of injury to a child, and there-

fore the district court did not have jurisdiction over him when it imposed its sentence. Jones also asks this Court to determine if the sentence imposed by the district court was excessive and an abuse of discretion. We affirm the judgment of conviction and the sentence reached by the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Acting on a tip from a neighbor, police and state social workers entered Jones' home where they discovered his four minor children living in intolerable conditions. The home was dirty, there was evidence of drug use, and the children were seriously malnourished.

Pursuant to I.C. § 18–1501(1), Jones was charged by amended information with four counts of injury to a child, once for each of his children. The four counts of the information were identical, except for the ages given for the children. Prosecutors reached a plea agreement with Jones whereby he pled guilty to the first count in exchange for the dismissal of the remaining three counts of the amended information. The charge to which Jones pled guilty was therefore contained in the second amended information which stated:

### COUNT I:

### INJURY TO CHILDREN

Felony, I.C. 18–1501(1)

The defendant, BENJAMIN ARLO JONES, on or about March 24, 2003, in the County of Bonneville, State of Idaho, did, under circumstances likely to produce great bodily harm or death, commit an injury upon a child under eighteen year [sic] of age, of the age of 13 years, by malnutrition and unlawfully using drugs in the home (up to 10 years, $5,000.00 fine + restitution).

At sentencing, the prosecution recommended a unified sentence of eight years, with two years fixed. The district court, however, instead imposed a unified sentence of ten years, with five of those years fixed.

Jones filed a Rule 35 motion for a reduction in sentence, which was denied. He also filed a timely notice of appeal, which is presently before the Court.

## II. STANDARD OF REVIEW

Whether a court lacks jurisdiction is a question of law that may be raised at any time, *Pizzuto v. State*, 127 Idaho 469, 471, 903 P.2d 58, 60 (1995), and over which appellate courts exercise free review. *State v. Barros*, 131 Idaho 379, 381, 957 P.2d 1095, 1097 (1998). Whether an information conforms to the requirements of law is also a question subject to free review. *State v. Robran*, 119 Idaho 285, 287, 805 P.2d 491, 493 (Ct.App.1991).

## III. ANALYSIS

In this case, Jones contends that defects in the information filed against him created a jurisdictional flaw in his conviction. Being jurisdictional, Jones asserts, objections to the information may be raised at any time, and because here the flawed charging document deprived the district court of jurisdiction, his conviction must be dismissed. Jones also argues that the district court abused its discretion in imposing a sentence exceeding that recommended by the prosecution, and did so again when it denied his Rule 35 motion for a reduction in sentence.

### A. Conferring Jurisdiction

The indictment or information filed by the prosecution is the jurisdictional instrument upon which a defendant stands trial. *State v. Izzard*, 136 Idaho 124, 127, 29 P.3d 960, 963 (Ct.App.2001). Article I, section 8 of the Idaho Constitution states that "[n]o person shall be held to answer for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor[.]" Idaho courts obtain personal jurisdiction over a criminal defendant when the defendant initially appears in court. *State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004). Subject matter jurisdiction in a criminal case is conferred by the filing of an "information, indictment, or complaint alleg-

ing an offense was committed within the State of Idaho." *Id.*

Since the indictment or information provides subject matter jurisdiction to the court, the court's jurisdictional power depends on the charging document being legally sufficient to survive challenge. This raises the question of exactly what constitutes a "legally sufficient" indictment or information. There are two standards to consider. First, there is the question of whether an indictment or information is legally sufficient for the purpose of due process during proceedings in the trial court. Second, there is the separate question of whether an indictment or information is legally sufficient for the purpose of imparting jurisdiction. We will consider each in turn.

### B. Due Process Objections

On appeal, Jones argues the information filed against him did not contain adequate factual specificity, failing, for example, to detail under which theory contained in I.C. § 18–1501(1) he was prosecuted, the relevance of his alleged drug use, and the specific time of his offense.

▇▇▇ There are a host of due process requirements that must be met by a charging document, such as factual specificity adequate to "enable a person of common understanding to know what is intended" and to shield against double jeopardy. *State v. Grady,* 89 Idaho 204, 208–09, 404 P.2d 347, 349–50 (1965); *see* I.C. § 19–1418. Although such due process concerns may be valid, they are waived unless raised before trial. I.C.R. 12(b)(2); 4 LaFave, et al., Criminal Procedure § 19.3(b) (2d ed., Supp 2003); *see State v. Halbesleben,* 139 Idaho 165, 168, 75 P.3d 219, 222 (Ct.App.2003); *State v. Robran,* 119 Idaho at 287, 805 P.2d at 493.

▇▇▇ Idaho Criminal Rule 12(b)(2) governs when objections to the indictment or information must be raised, and when a failure to do so results in waiver of the issue. The rule provides that in order to prevent waiver:

> The following must be raised prior to trial: ... (2) Defenses and objections based on defects in the complaint, indictment or information (other than it fails to show juris-

diction of the court or to charge an offense which objection shall be noticed by the court at any time during the pendency of the proceedings).

I.C.R. 12(b)(2). Therefore, tardily raised objections based on defects in an indictment or information are waived unless they allege either (1) a failure to show jurisdiction, or (2) a failure to charge an offense. *Id.; State v. Luke,* 134 Idaho 294, 300, 1 P.3d 795, 801 (2000).

▇▇▇ Had Jones raised his due process objections prior to the entry of judgment they could be reviewed—but he did not. Although the poorly drafted information filed against Jones arguably failed to include the needed factual specificity to satisfy due process requirements, a lack of factual specificity does not implicate either of the I.C.R. 12(b) exceptions to waiver. Because Jones did not assert his due process objections to the information before trial, and they do not meet the I.C.R. 12(b)(2) exceptions, they have been waived.

### C. Jurisdictional Objections and Failure to Charge an Offense

▇▇▇ Jones also asserted the information filed against him failed to charge an offense and was jurisdictionally deficient. These arguments are named as exceptions to waiver in I.C.R. 12(b)(2) and thus can be raised at any time, including for the first time on appeal. *See* I.C.R. 12(b)(2); *State v. Luke,* 134 Idaho at 300, 1 P.3d at 801; *State v. Cahoon,* 116 Idaho 399, 400, 775 P.2d 1241, 1242 (1989). Although they are different arguments, here they are linked because it is precisely the information's alleged failure to charge an offense that Jones is asserting to be jurisdictional error.

▇▇▇ Specifically, Jones argues the information filed against him failed to expressly allege the element of "willfulness" required for a violation of I.C. § 18–1501(1). Willfulness is a necessary element of felony injury to a child because it is named in the statute and without willful intent the information would describe a non-crime. *State v. Young,* 138 Idaho 370, 372–73, 64 P.3d 296, 298–99 (2002).

Although the failure of an information to charge an offense is never waived, defects "which are tardily challenged are liberally construed in favor of validity." *Cahoon*, 116 Idaho at 400, 775 P.2d at 1242. When an objection to the information was not timely raised before trial—as in the instant case—the sufficiency of the charging document will "be upheld unless it is so defective that it does not, by any fair or reasonable construction, charge an offense for which the defendant is convicted." *Id.* A "reviewing court has considerable leeway to imply the necessary allegations from the language of the Information." *State v. Robran*, 119 Idaho at 287, 805 P.2d at 493.

In *State v. Cahoon*, the defendant was a passenger in his wife's car when she was stopped by police on suspicion of driving under the influence. 116 Idaho at 399–400, 775 P.2d at 1241–42. Mr. Cahoon engaged in an altercation with the officers, and "was charged on an Idaho Uniform Traffic Citation form with 'resisting, obstructing and delaying an officer' in violation of I.C. § 18–705[.]" *Id.* After being found guilty at trial, Cahoon moved to dismiss the charge, arguing that the citation was inadequate to charge an offense "because it (1) did not set forth all of the elements of the offense, and (2) did not set forth the facts upon which the charge was based." *Id.* at 400, 775 P.2d at 1242. On appeal, this Court noted that when a charging document "is not challenged before the verdict, it is to be upheld on appeal if 'the necessary facts appear in any form or by fair construction can be found' " within its terms. *Id.* at 400–01, 775 P.2d at 1242–43 (quoting *United States v. Pheaster*, 544 F.2d 353, 361 (9th Cir.1976)). Under that standard, this Court held that although the charging document filed against Cahoon contained only the date, time, the applicable code section and the words "resisting, obstructing and delaying an officer," it was legally sufficient to confer jurisdiction. *Id.*

Similarly, here the information filed against Jones omitted elements of the charged offense, but the Defendant offered no objection until after the entry of judgment. As a result, the more stringent requirements the information needed to meet in order to satisfy due process have been waived. Remaining then is the question of whether the information in this case was sufficient for the purpose of conferring jurisdiction. There is no question the information alleged the crime was committed in Idaho. Here, as in *Cahoon*, the charging document named the applicable code section under which the Defendant was charged. Consistent with our decision in *Cahoon*, we hold that when an objection to a charging document is not made until after the entry of judgment, if the applicable code section is named in the charging document its language may be read into the text of the charge. Therefore, here the reference to I.C. § 18–1501(1) in the information adequately conveyed to Jones the element of willfulness otherwise missing from the charging document.

## D. Abuse of Discretion in Sentencing

Jones asserts the sentence imposed by the district court was excessively harsh. His penalty of five to ten years in confinement is greater than the two to eight years recommended at sentencing by the State, but is within the limit of ten years allowed by statute. I.C. § 18–1501(1).

A sentence within the statutory limits will not be disturbed on appeal absent a clear abuse of discretion. *State v. Hedger*, 115 Idaho 598, 604, 768 P.2d 1331, 1337 (1989). The sentencing court will not be found to have abused its discretion unless the "sentence was excessive under any reasonable view of the facts." *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992) (quoting *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991)).

Here, when imposing the sentence the district court took into account factors such as Jones' prior criminal record, his years of drug abuse, and the seriousness of the charged crime. Based on Jones' personal history and the nature of his offense, the penalty imposed by the district court was reasonable and was not an abuse of discretion.

Because no new information was presented by Jones to accompany his Rule 35 motion

for a reduction in sentence, the district court did not abuse its discretion in rejecting the motion for the same reasons it employed when imposing the sentence originally.

## IV. CONCLUSION

Under Idaho Criminal Rule 12(b)(2), an objection to a charging document must be raised prior to trial or guilty plea unless it asserts a failure to show jurisdiction or to charge an offense. Jones' purely due process objections to the information filed against him, such as that it failed to include adequate factual specificity, were waived by his failure to raise these matters before the entry of judgment.

In addition, Jones alleged the information failed to charge an offense, which he contended was also a jurisdictional error. However, because Jones' objection was tardily raised, the information's missing allegation of "willfulness" was cured by naming the code section with the needed language under which he was charged.

Finally, the sentence imposed by the district court was within the statutory limits, and was reasonable and not an abuse of discretion. Accordingly, we affirm Jones' judgment of conviction and sentence.

Chief Justice SCHROEDER and Justices TROUT, KIDWELL and EISMANN concur.