## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 40858

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 331 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 22, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MARY K. HARMON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. John K. Butler, District Judge. Hon. Thomas D. Kershaw, Jr., Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming judgment of conviction for owning a vicious dog, <u>affirmed</u>.

Mary K. Harmon, Twin Falls, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Mary K. Harmon appeals from the district court's order, entered in its appellate capacity, affirming Harmon's judgment of conviction before a magistrate for owning a vicious dog. For the reasons set forth below, we affirm.

### I.

### FACTS AND PROCEDURE

Harmon and the Stone family are neighbors. Harmon owns a mastiff named Sage and the Stones own a yellow lab named Chance. On May 17, 2012, Sage and Chance were outside in their respective yards. A single chain-link fence separated the two yards. Two of the Stone grandchildren were also outside with Chance. At some point, the Stone grandchildren ran inside and alerted Kristine Stone[1] (their grandmother) to an incident in the yard. Kristine went outside

_____

[1]     To avoid confusion, the Stone family members will be referred to by their first names.

1

and observed Sage on top of Chance in the Stones' yard. Kristine observed Sage bite Chance and latch onto Chance's leg. Chance lay on his back, unable to fight back. Kevin Stone (Kristine's husband) also came outside and eventually separated the two dogs. In the aftermath, Kristine discovered Chance suffered puncture wounds to his leg and an injured shoulder. Kristine contacted law enforcement and an officer responded. After investigating the incident, the officer issued a citation to Harmon for owning a vicious dog in violation of Twin Falls City Code 6-4-14(I). The officer requested that Amanda Stone (Kristine's daughter) sign the citation, despite Amanda not being present at the residence at the time of the incident. Harmon contested the infraction at a trial and the magistrate found her guilty of owning a vicious dog. Harmon appealed and the district court affirmed the conviction. Harmon again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court examines the record from the magistrate court to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. DeWitt*, 145 Idaho 709, 711, 184 P.2d 215, 217 (Ct. App. 2008). This Court then affirms or reverses the decision of the district court accordingly. *State v. Van Sickle*, 120 Idaho 99, 101, 813 P.3d 910, 912 (Ct. App. 1991).

## III.

## ANALYSIS

Harmon argues the following points on appeal: (1) the Stones misidentified the breed of Sage as a pit bull; (2) the district court incorrectly referred to Sage as a pit bull in its decision on appeal; (3) Sage was possibly provoked into the attack; (4) the Stones failed to produce documents requested in their subpoenas; (5) Harmon's fence is a secured enclosure and she did not allow Sage out of her yard; (6) the citation was signed by a citizen not present at the time of the incident; and (7) Sage has been in a pet store training program for almost three years (a program that does not allow aggressive or vicious dogs). The state argues that evidence presented was sufficient to support a conviction for owning a vicious dog. The state also argues Harmon waived her challenge to the form of the citation by failing to raise this issue before the magistrate and that Harmon failed to preserve any assertions of trial error for appeal.

2

**A.** **Sufficiency of the Evidence**

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Pursuant to Twin Falls City Code 6-4-14(I), it is unlawful for "any person to own, have custody of or control of any dog or any other animal which is vicious or dangerous." A vicious dog is defined as:

> A dog that has bitten, clawed or otherwise harmed, or constitutes a physical threat, or a dog whose temperament or habits endanger or menace any person or other animal without provocation by such person or animal. This term shall not include a dog that bites, attacks or menaces a person or other animal that has tormented or injured the dog.

Twin Falls City Code 6-4-1. At trial, the state produced the following evidence. When Kristine went outside, she discovered Sage biting the leg of Chance. Kristine and Kevin had to forcefully pull Sage off of Chance. Chance suffered puncture wounds to his leg and an injured shoulder. The attack occurred in the Stones' yard. A portion of the chain-link fence had been bent upward from the Harmon yard into the Stone yard.

Kristine further testified that, while Chance liked to bark, Chance had not previously displayed vicious or overprotective tendencies. Kristine also stated that Sage is an intimidating dog and will charge the fence when let out of the Harmon home. Kristine did not hear her yellow lab bark or growl before the incident. Kevin testified that other animals and people could be around Chance and that Chance was fine with such situations.

While Harmon speculates it is possible the Stone grandchildren provoked Sage, even if this were true, it would not affect the decision of the magistrate. The ordinance at issue here

3

provides that a vicious dog does not include one "that bites, attacks or menaces a person or other animal that has tormented or injured the dog." Twin Falls City Code 6-4-1. Thus, the relevant inquiry at trial was whether Chance had tormented or injured Sage. The magistrate determined that Chance did not provoke the attack and there is substantial and competent evidence to support this. Therefore, there was sufficient evidence from which a rational trier of fact could conclude that Sage attacked and bit Chance and that Chance had not previously injured or tormented Sage prior to the attack.

## B.     Form of the Citation

Harmon also asserts error because the citation was not signed by an individual "in whose presence an alleged offense occurred." I.I.R. 5(b). The state argues this error was not preserved below and that, even if Harmon asserted a jurisdictional defect, such challenge would fail.

Idaho Criminal Rule 12 provides, in pertinent part:[2]

> (b)     Pretrial motions. Any defense objection or request which is capable of determination without trial of the general issue may be raised before the trial by motion. The following must be raised prior to trial:
>
> . . . .
>
> (2)     Defenses and objections based upon defects in the complaint, indictment or information (other than it fails to show jurisdiction of the court or to charge any offense which objection shall be noticed by the court at any time during the pendency of the proceedings);
>
> . . . .
>
> (f)     Effect of Failure to Raise Defenses or Objections. Failure by the defendant to raise defenses or objections or to make requests which must be made prior to trial . . . shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver.

Harmon did not raise a challenge to the citation before the magistrate, and therefore, the district court declined to address it. Further, Harmon does not argue there is a jurisdictional defect in the citation. Therefore, this issue has been waived and the district court did not err in declining to address it.

Additionally, even if Harmon raised a jurisdictional challenge, her argument would still fail. *State v. Jones,* 140 Idaho 755, 101 P.3d 699 (2004), supplies the appropriate standard:

---

[2]     The Idaho Criminal Rules apply here by application of I.I.R. 1 (stating, to the extent they do not conflict, the Idaho Misdemeanor Criminal Rules apply to infractions) and I.M.C.R. 1 (stating, to the extent they do not conflict, the Idaho Criminal Rules apply to misdemeanors).

Although the failure of an information to charge an offense is never waived, defects "which are tardily challenged are liberally construed in favor of validity." When an objection to the information was not timely raised before trial--as in the instant case--the sufficiency of the charging document will "be upheld unless it is so defective that it does not, by any fair or reasonable construction, charge an offense for which the defendant is convicted."

*Jones*, 140 Idaho at 758, 101 P.3d at 703 (citations omitted). With respect to misdemeanor citations that are tardily challenged, a citation that lists the date, time, charge, and applicable code section is sufficient to charge an offense. *State v. Cahoon,* 116 Idaho 399, 400-01, 775 P.2d 1241, 1242-43 (1989). Harmon's citation complies with the standard set forth above.[3] The citation lists the date, time, location of the offense, the charge, and the applicable code section. This was sufficient to charge the offense for which Harmon was convicted. Therefore, even if Harmon challenged jurisdiction based on a defective citation, her claim still fails.

**C.      Breed of the Dog**

Harmon argues the district court erred because it incorrectly referred to her dog as a pit bull in its intermediate appellate decision while, in reality, her dog is a mastiff. Harmon cites generally to breed-specific legislation for the proposition that she was not afforded the reasonable doubt standard because pit bulls are considered a vicious breed. Despite Harmon's assertion, the district court's decision did not rely upon the breed of the dog, nor did it reference any breed-specific legislation. Therefore, this argument is without merit.

**D.      Other Asserted Errors**

The remaining errors claimed by Harmon were not objected to during trial. On intermediate appeal the district court declined to address these issues because Harmon failed to preserve them and also failed to support her arguments with argument or authority. Likewise, we decline to address these remaining issues due to Harmon's failure to object below and her failure to support these assertions of error on appeal with argument or authority.[4] *See State v.*

---

[3]      It is of no consequence that Harmon's citation is for an infraction as opposed to a misdemeanor.

[4]      Specifically with respect to the documents Harmon requested on the subpoenas issued to Kristine and Kevin, Harmon did not request any action by the magistrate (although Harmon did question Kristine regarding Kristine's failure to bring those documents). Furthermore, the magistrate allowed Harmon to question Kristine regarding prior bad acts of Chance, and Kristine

*Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (a party waives an issue on appeal if either authority or argument is lacking); *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992) (generally, issues not raised below may not be considered for the first time on appeal).

## IV.

## CONCLUSION

Sufficient evidence existed for a rational trier of fact to find beyond a reasonable doubt that Harmon owned a vicious dog. Harmon's challenge to the citation fails because it was waived and, even if she raised it as a jurisdictional issue, such challenge fails. Also, the district court did not err by misidentifying the breed of Sage. The remaining issues raised by Harmon were not properly preserved before the magistrate or are not supported by argument and authority. The district court's order, entered in its appellate capacity, affirming Harmon's judgment of conviction for owning a vicious dog, is affirmed.

Judge LANSING and Judge GRATTON, **CONCUR.**

---

testified Chance received dog-at-large citations as a puppy and received a vicious dog citation that was later dismissed.