# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43982

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 783** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: November 21, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **NICOLE MICHELLE SCIANDRA,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge. Hon. Roger Harris, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming judgment of conviction for driving under the influence, resisting or obstructing officers, and possession of an open container, <u>affirmed</u>.

C. Ira Dillman, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Chief Judge

Nicole Michelle Sciandra appeals from the district court's order, on intermediate appeal from the magistrate, affirming Sciandra's judgment of conviction for driving under the influence (DUI), resisting or obstructing officers, and possession of an open container. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

By uniform citation, Sciandra was charged with DUI, I.C. § 18-8004; resisting or obstructing officers, I.C. § 18-705; and possession of an open container, I.C. § 23-505(2). Following Sciandra's arraignment, she demanded the State submit a sworn written complaint,

1

which the State did two days before the case was set for trial. The same day, Sciandra filed a motion to strike the complaint on the basis that it failed to allege a factual basis for the charges. During the trial, Sciandra sought a ruling permitting her to introduce evidence which was, by her own admission, precluded by *State v. Tomlinson*, 159 Idaho 112, 357 P.3d 238 (Ct. App. 2015).[1] The magistrate permitted Sciandra to make an offer of proof but ultimately ruled that the evidence was inadmissible. A jury found Sciandra guilty of all charges. She appealed to the district court, challenging the magistrate's denial of her motion to strike the complaint and arguing the magistrate erred by precluding Sciandra's evidence pursuant to prior appellate precedent. The district court affirmed the magistrate. Sciandra again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

---

[1]     In *Tomlinson,* this Court, applying *Elias-Cruz v. Idaho Dep't of Transp.*, 153 Idaho 200, 280 P.3d 703 (2012), held that a per se violation of I.C. § 18-8004 may be shown by test results from an approved and properly administered test of blood, breath, or urine. Therefore, as long as the testing is approved and properly administered, other evidence (such as a purported margin of error or uncertainty in the test results) is irrelevant.

2

# III.

# ANALYSIS

## A. Sufficiency of the Charging Document

On appeal, Sciandra contends that the magistrate lacked jurisdiction over her case because an appropriate complaint was never tendered. In support, Sciandra argues that the complaint did not allege specific facts and therefore prejudiced her.

Whether a court lacks jurisdiction is a question of law, over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). In a criminal case, the filing of a charging document alleging that an offense was committed within the state of Idaho confers subject matter jurisdiction. *Id.* at 757-58, 101 P.3d at 701-02. Because the charging document provides subject matter jurisdiction to the district court, the district court's jurisdictional power depends on the charging document being legally sufficient to survive challenge. *Id.* at 758, 101 P.3d at 702. Whether a charging document conforms to the requirements of law and is legally sufficient is also a question of law subject to free review. *Id.*

In this case, the State filed a uniform citation to charge Sciandra with three misdemeanors. Idaho Criminal Rule 3.1 allows any misdemeanor to be charged and prosecuted by a uniform citation. However, Idaho Misdemeanor Criminal Rule 3(d) allows a criminal defendant to demand a sworn complaint in place of a uniform citation. Although the State did not provide a sworn complaint until two days before trial, the court may permit amendment at any time before the prosecution rests. I.M.C.R. 3(d). Thus, the State complied with the rules and there was no deficiency unless the complaint was legally insufficient.[2]

To be legally sufficient, a charging document must impart subject matter jurisdiction and satisfy due process. *Jones*, 140 Idaho at 758, 101 P.3d at 702. To confer jurisdiction upon the district court, a charging document must allege that the defendant committed a criminal offense within the state of Idaho. *State v. Severson*, 147 Idaho 694, 708, 215 P.3d 414, 428 (2009). The uniform citation in this case alleged that Sciandra committed the offenses of DUI, resisting or

---

[2]     While the State tendered a sworn complaint within the time provided in the rules, we agree with the magistrate and the district court that it is troubling for the State to delay the filing. The district court suggested the magistrate consider a filing cut off--such as at the time of the second pretrial--to avoid problems. We think this was a sound suggestion.

obstructing officers, and possession of an open container in the state of Idaho. Thus, the uniform citation was sufficient to impart jurisdiction upon the magistrate. Sciandra argues that once she demanded a sworn complaint, the magistrate lacked jurisdiction until that sworn complaint was filed. However, Sciandra cites no authority to advance the proposition that requesting a sworn complaint revoked the jurisdiction imparted by the original charging document. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

Sciandra further argues that the complaint was inadequate because it did not specify what conduct she would need to address at trial. Whether a charging document satisfies due process is a separate analysis from the jurisdictional analysis. *State v. Murray*, 143 Idaho 532, 536, 148 P.3d 1278, 1282 (Ct. App. 2006). To satisfy due process, a charging document must allege specific facts to enable the defendant to prepare an adequate defense and prove a res judicata effect. *State v. Griffith*, 97 Idaho 52, 55-56, 539 P.2d 604, 607-08 (1975). The complaint may be phrased generally in the words of the statute or ordinance. *Id.*

In this case, the complaint alleged that on or about March 6, 2015, Sciandra: (1) drove a motor vehicle upon a highway, street, or bridge or upon public or private property open to the public while having an alcohol concentration of (0.08) or more as shown by an analysis of her blood, in violation of I.C. § 18-8004; (2) willfully resisted, delayed, or obstructed a public officer in the discharge or attempt to discharge a duty of his or her office, in violation of I.C. § 18-705; and (3) was in possession of an open container of beer while the vehicle was on a public highway in violation of I.C. § 23-505. Although the complaint could have alleged more specific facts, it sufficiently alleged the time, place, and person at issue and the words of the statutes under which Sciandra was charged. Thus, the complaint was sufficient so long as it enabled Sciandra to prepare an adequate defense and prove a res judicata effect. A review of the record establishes that Sciandra was apprised of the factual allegations underlying the State's charges against her. Moreover, the manner of Sciandra's defense shows that she and her counsel were aware of the facts upon which the charges were based. Accordingly, the complaint satisfied due process. Because the complaint imparted subject matter jurisdiction and satisfied due process, it was legally sufficient. Thus, the district court did not err in affirming the magistrate's denial of Sciandra's motion to strike.

**B.      Application of Precedent**

On appeal, Sciandra challenges the magistrate's application of *Tomlinson*, 159 Idaho 112, 358 P.3d 238 to preclude Sciandra from introducing evidence that she was not under the influence at the time she was driving.  Sciandra argues that *Tomlinson* should be overturned on the basis that it unconstitutionally relied upon the holding in *Elias-Cruz*, 153 Idaho 200, 280 P.2d 703.  Specifically, Sciandra contends that, because *Elias-Cruz* was a civil case, its holding cannot be applied in a criminal case.  However, the holding in *Elias-Cruz*--that general challenges to the reliability and accuracy of approved intoxication testing methods are irrelevant--does not vary with the burden of proof.  Indeed, the Idaho Supreme Court recently applied the holding in *Elias-Cruz* to a criminal case in *State v. Jones*, 160 Idaho 449, 375 P.3d 279 (2016).  Stare decisis requires that this Court follow controlling precedent unless that precedent is manifestly wrong, has proven over time to be unjust or unwise, or overruling that precedent is necessary to vindicate plain, obvious principles of law and remedy continued justice.  *State v. Owens*, 158 Idaho 1, 4-5, 343 P.3d 30, 33-34 (2015).  None of Sciandra's claims rise to the level of overturning precedent.  Thus, Sciandra's claim that *Tomlinson* unconstitutionally applied the *Elias-Cruz* holding fails.

## IV.

## CONCLUSION

Sciandra has failed to show the district court erred in affirming the magistrate's order denying Sciandra's motion to strike the complaint.  Likewise, Sciandra has failed to show that *Tomlinson's* application of the holding in *Elias-Cruz* was error.  Accordingly, we affirm the district court's order affirming Sciandra's judgment of conviction for DUI, resisting or obstructing officers, and possession of an open container.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.