**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44083**

| | | |
|---|---|---|
| **VALENTINO ALEX HERRERA,** | ) | **2017 Unpublished Opinion No. 536** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed:  August 2, 2017** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County.  Hon. Michael R. Crabtree, District Judge.

Judgment summarily dismissing successive petition for post-conviction relief, <u>affirmed</u>.

Valentino Alex Herrera, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Valentino Alex Herrera appeals from the district court's summary dismissal of his successive petition for post-conviction relief.  Herrera argues the district court erred in summarily dismissing his petition because his appellate counsel rendered ineffective assistance.  Additionally, Herrera argues the district court lacked both subject matter and personal jurisdiction.  For the reasons explained below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Herrera was convicted of battery on a peace officer, with a sentence enhancement for being a persistent violator of the law.  This conviction was affirmed on appeal.  *State v. Herrera*, 152 Idaho 24, 266 P.3d 499 (Ct. App. 2011).  On December 24, 2012, Herrera filed a petition for post-conviction relief alleging numerous claims for relief--denial of counsel, ineffective

1

assistance of trial and appellate counsel, and denial of the right to due process. The district court summarily dismissed all of Herrera's claims, reasoning the record contradicted his denial of counsel claims; Herrera failed to establish a prima facie case of ineffective assistance of trial and appellate counsel; and Herrera's argument that he was denied due process was bare and conclusory. On appeal, this Court affirmed the summary dismissal. *Herrera v. State*, Docket No. 42351 (Ct. App. Mar. 25, 2016) (unpublished).

On January 15, 2016, Herrera filed a successive petition for post-conviction relief. Herrera again alleged ineffective assistance of appellate counsel and due process rights violations. Additionally, Herrera alleged he was denied equal protection; he was convicted under an *ex post facto* law; the district court lacked subject matter jurisdiction to enter a judgment of conviction; and the Court of Appeals lacked jurisdiction to affirm Herrera's conviction.

The district court issued a notice of intent to dismiss Herrera's petition because his post-conviction claims were time-barred; Herrera did not provide a sufficient reason for the late filing; and/or his claims were barred by the doctrine of res judicata. Herrera filed a response but did not address the district court's grounds for dismissal. Herrera did not contend his petition was timely filed, did not contend the one-year limitation period was equitably tolled, did not provide a sufficient reason for his failure to assert or adequately raise any of his current post-conviction claims in his original petition, and did not contend or show how his claims were not barred by the doctrine of res judicata. Accordingly, the district court summarily dismissed Herrera's successive petition. Herrera timely appeals.

## II.

## ANALYSIS

Herrera argues the district court erred in summarily dismissing his successive petition for post-conviction relief because the district court lacked both personal and subject matter jurisdiction over the matter and because his successive petition established a prima facie case of ineffective assistance of counsel. A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for

post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a

matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007).

Analysis of sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. Determining what is a reasonable time for filing a successive petition requires a case-by-case analysis. *Id.* Therefore, the question here is whether the petitioner filed the successive petition within a reasonable period of time.

As a threshold issue, Herrera maintains the district court lacked both personal and subject matter jurisdiction over the matter. Subject matter jurisdiction is the power to determine cases over a general type or class of dispute. *State v. Lute*, 150 Idaho 837, 840, 252 P.3d 1255, 1258 (2011). Whether a court lacks jurisdiction is a question of law, over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). In a criminal case,

4

the filing of an information alleging that an offense was committed within the state of Idaho confers subject matter jurisdiction. *Id.* at 757-58, 101 P.3d at 701-02. In Herrera's underlying criminal case, the information filed on July 19, 2006, for the crime of battery on a peace officer conferred jurisdiction upon the district court. Personal jurisdiction, on the other hand, refers to a court's power to bring a person into its adjudicative process. *State v. Ambro*, 142 Idaho 77, 79, 123 P.3d 710, 712 (Ct. App. 2005). Here, the district court had personal jurisdiction over Herrera by virtue of its territorial jurisdiction set out in Idaho Code § 18-202, which provides that any person who commits all or an essential part of a crime within this state is liable to punishment under its laws. The Idaho Supreme Court has stated that I.C. § 18-202 "establishes the court's personal jurisdiction over all individuals who commit a crime in this state." *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004). Herrera's jurisdictional challenges are therefore meritless.[1]

Turning to the petition, Herrera argues the district court erred in summarily dismissing his petition for post-conviction relief because he established a prima facie case of ineffective assistance of appellate counsel in the successive petition. The district court summarily dismissed Herrera's successive petition because it was not timely filed. The district court acted properly in doing so because Herrera's successive petition was filed outside the one-year statute of limitation, and Herrera did not set forth a sufficient reason for the late filing. The remittitur in the underlying case was issued on January 11, 2012. Herrera's initial petition for post-conviction relief was filed on December 24, 2012. Approximately three years later, on January 15, 2016, Herrera filed his successive petition. The district court issued a notice of intent to dismiss the successive petition, indicating that the petition was not timely filed and setting forth the circumstances in which the one-year limitation period may be equitably tolled. However, in Herrera's lengthy answer to the notice of intent, he did not provide a sufficient reason for the late timing or even argue that the statute of limitation should be equitably tolled. Nor does Herrera provide such argument on appeal. Herrera simply ignores the timing issue and instead focuses on his underlying arguments. Because Herrera does not argue the statute of limitation should be

---

[1]    Herrera's contention in his reply brief that the court had jurisdiction but it was extinguished when it was revealed that the officer certification was invalid is likewise without merit.

tolled or provide a sufficient reason for the late filing, the district court did not err in summarily dismissing Herrera's successive petition.

## III.

## CONCLUSION

The district court did not err in summarily dismissing Herrera's successive petition because it was filed outside the one-year statute of limitation, and Herrera did not provide a sufficient reason for the late filing. Accordingly, we affirm the district court's summary dismissal.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.