**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49319**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  March 4, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| SHANNON PATRICK LINDSAY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael J. Reardon, District Judge.

Judgment of conviction for grand theft and burglary, <u>vacated</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Shannon Patrick Lindsay appeals from his judgment of conviction for grand theft, Idaho Code § 18-2403(1), and burglary, I.C. § 18-1401.  Lindsay argues that the district court erred in denying his motion for mistrial.  Lindsay also argues that his convictions should be vacated due to evidentiary errors at trial.  The district court erred in denying Lindsay's motion for mistrial as the district court's supplemental instruction in response to a question from the jury, without the knowledge of or input from counsel, resulted in a legal defect in the proceeding that had a continuing impact on the trial.  Consequently, Lindsay's judgment of conviction is vacated.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Lindsay attempted to use a stolen credit card at a convenience store, but the card was declined.  The owner of the credit card had his wallet stolen while working out at a gym around the same time Lindsay was also at the gym.  The State charged Lindsay with grand theft, alleging

1

that he either "took" or "obtained" the credit card, and with burglary for entering the convenience store with the intent to commit theft.

After the jury began its deliberations, the jury submitted a question to the district court regarding the proof required for the "took" or "obtained" element of theft. Without discussing the jury's question with the parties, the district court instructed the jury that it must find Lindsay guilty if it determined Lindsay found and then "withheld" the credit card from the victim--a means of committing theft that the State did not include in the charging document. The jury returned a verdict finding Lindsay guilty of grand theft and burglary. Lindsay filed a motion for mistrial based on the language of the supplemental instruction given in response to the jury's question during deliberations; the district court denied the motion. Lindsay timely appeals from his judgment of conviction.

## II.

## STANDARD OF REVIEW

In criminal cases, motions for mistrial are governed by Idaho Criminal Rule 29.1. A mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial. I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct. App. 1983).

## III.

## ANALYSIS

Lindsay asserts the district court erred in denying his motion for mistrial because the district court's supplemental jury instruction, given to the jury during deliberations, created a variance and created a legal defect in the proceedings that was prejudicial to Lindsay and deprived

2

him of his right to a fair trial. Idaho Code § 18-2403(1) reads: "A person steals property and commits theft when, with the intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully *takes, obtains or withholds* such property from an owner thereof." (Emphasis added.) The State only alleged that Lindsay engaged in two of the three possible acts prohibited by the statute. Count I of the information reads:

> That the defendant, SHANNON P. LINDSAY, on or about the 5th day of February, 2019, in the County of Ada, State of Idaho, did wrongfully *take and/or obtain* credit card(s) from the owner, [the victim], with the intent to deprive another of property and/or appropriate to himself or a third person certain property of another.

(Emphasis added.) The elements instruction the court gave the jury prior to its deliberations is consistent with the manner in which the State alleged Mr. Lindsay committed the theft:

> In order for the defendant to be guilty of Count I for Grand Theft, the State must prove each of the following:
> . . . .
> 3. the defendant, Shannon Lindsay, *wrongfully took and/or obtained* property, to wit: credit card(s),
> 4. from the owner, [the victim],
> 5. with the intent to deprive another of the property and/or to appropriate the property to himself or a third person, and
> 6. the property was a financial transaction card.

(Emphasis added.)

After the jury began deliberations, the jury submitted a question to the court, which asked, "If someone finds a wallet on the floor of a bathroom, and takes it, is that considered wrongfully taking/or obtaining property[?]" The district court, without advising or consulting with the parties, gave the jury what amounts to a new elements instruction:

> A person steals property and commits theft when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains *or withholds* such property from an owner thereof.
> Theft includes a wrongful taking, obtaining *or withholding* of another's property, with the intent; including lost property.
> A person acquires lost property when he exercises control over property of another which he knows to have been lost or mislaid, or to have been delivered under a mistake as to the identity of the recipient or the nature or amount of the property, without taking reasonable measures to return such property to the owner; or a person commits theft of lost or mislaid property when he:
> 1. Knows or learns the identity of the owner or knows, or is aware of, or learns of a reasonable method of identifying the owner; and
> 2. *Fails to take reasonable measures to restore the property to the owner*; and

3

3. Intends to deprive the owner permanently of the use or benefit of the property.

(Emphasis added.) This new instruction, permitting the jury to find Lindsay guilty if it found he "withheld" the victim's credit card, created a variance. Lindsay was not charged with finding the victim's lost credit card, then withholding it by failing to take reasonable measures to restore the credit card (and the wallet as a whole) to the victim; instead, he was charged with taking or obtaining the credit card. It is true that the State can charge a defendant either by stating the means in which the offense occurred or by citation to the statute. *State v. Jones*, 140 Idaho 755, 759, 101 P.3d 699, 703 (2004). Either option adequately places a defendant on notice of the charged offense. *Id.* However, when the State omits a means of committing an offense, the court cannot instruct on that means without considering whether doing so creates a variance or otherwise deprives the defendant of due process. Because the jury instructions as a whole do not match the manner of theft alleged in the information, the district court's supplemental elements instruction created a variance.

The district court also created a legal defect in the proceedings by failing to confer with the parties prior to giving the jury the supplemental elements instruction. Lindsay was not given a timely and meaningful opportunity to object prior to the district court giving the supplemental instruction. Idaho Criminal Rule 30(b) states, "No party may assign as error the giving of or failure to give an instruction unless the party objects thereto *before* the jury retires to consider its verdict," stating distinctly "the instruction to which the party objects and the grounds of the objection." (Emphasis added.) Moreover, as a practical matter, the objections Lindsay was belatedly allowed to register could not ameliorate the error already made by the district court's decision to instruct the jury on a means of grand theft not alleged in the charging document,[1] a decision the district

---

[1] The State has argued that Lindsay did not adequately raise a fatal variance objection and, therefore, his variance claim must be addressed under the fundamental error standards. The State also takes the position that, to the extent Lindsay incorporated his arguments regarding the fatal variance issue into the mistrial motion issue, Lindsay's objection and argument are unsupported for the same reasons. As noted, we need not directly address the fatal variance issue, but we disagree with the State's characterization of Lindsay's objection to the supplemental instructions. Lindsay objected based on surprise, lack of notice, legal error, and a change in the supplemental instruction in relation to the charges. Notice and opportunity are the hallmarks of due process. Here, Lindsay was deprived of an opportunity to defend the entirety of the grand theft charged submitted to the jury and was deprived of his right to a fair trial on the grand theft charge.

4

court made without input or argument from the parties. Upon hearing Lindsay's argument regarding the propriety of the supplemental instruction, the district court indicated the instruction would have been given in the first instance if it had been requested. But the point is, the instruction had not been requested. Lindsay was given no opportunity prior to the instruction being given, to make any objection or argument about the language of the instruction or the appropriateness of the instruction, nor was he able to present evidence to specifically defend against committing theft by withholding. The manner in which the district court instructed the jury in response to the jury's question during deliberations introduced legal error into the proceeding.

From both a procedural and substantive point of view, the error introduced by the district court constitutes reversible error. In reviewing the denial of a motion for mistrial in a criminal case, the appellate court focuses on the continuing impact on the trial of the incident that triggered the mistrial motion. *Urquhart*, 105 Idaho at 95, 665 P.2d at 1105. The denial of a motion for mistrial will be disturbed on appeal only if the incident giving rise to the motion, viewed retrospectively, constituted reversible error. *Id.* Error is not reversible unless it is prejudicial. *State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017). In determining whether the error that forms the basis for a motion for a mistrial is reversible, we apply the harmless error test. *State v. Smith*, 170 Idaho 800, 810, 516 P.3d 1071, 1081 (2022). This standard requires weighing the probative force of the record, as a whole, while excluding the erroneous evidence and at the same time comparing it against the probative force of the error. *Id.* The State bears the burden of demonstrating that the error is harmless beyond a reasonable doubt. *Id.* The reviewing court must take into account what effect the error had or reasonably may have had on the jury (in the context of the total setting) and in relation to all else that happened, which necessarily includes the evidence presented. *Kotteakos v. United States*, 328 U.S. 750, 764 (1946).

Lindsay was entitled to rely on the charge alleged by the State, which only included taking or obtaining the property as a means of committing the theft. Although the theft statute includes "withholding" as a means, the State omitted the withholding means from the charging document. The district court's supplemental elements instruction effectively amended the charge after the jury had initially been correctly instructed and discharged to deliberate. Contrary to the statements made by the district court in response to Lindsay's objection and the arguments of the State, Lindsay was not on notice that he would have to defend against a factual and legal allegation of theft by withholding. The additional element to the jury instruction--"[f]ails to take reasonable

5

measures to restore the property to the owner"--changes the presentation of the evidence that Lindsay would have submitted to the jury prior to deliberations. Nor was Lindsay on notice that the district court instructed the jury on the withholding element of theft until the instruction was given and the jury was deliberating based on that instruction. Lindsay was prejudiced in his defense and denied a fair trial.

More prejudicially, however, is the manner in which the variance was created. The jury submitted a question to the court, which stated, "If someone finds a wallet on the floor of a bathroom, and takes it, is that considered wrongfully taking/or obtaining property[?]" The question indicates that the jury was considering the possibility that Lindsay found the victim's wallet containing the credit card on the floor of the bathroom at the gym, rather than stealing the wallet from the victim's locker. Considering the elements instruction the court initially gave-- "wrongfully taking/or obtaining property"--the jury's question suggests the jurors were unsure whether finding and retaining the property would constitute theft. The district court essentially answered the jury's question definitively when it submitted the uncharged "withholding" means of finding guilt. The variance created by the supplemental elements instruction had a direct and continuing impact on the trial.

Therefore, the district court erred in denying Lindsay's motion for mistrial. This error requires vacating both the conviction for theft as well as the conviction for burglary. The improper instruction to the jury directly related to the theft charge. Although the burglary charge involved a separate act, we cannot say that the district court's error did not also taint the jury's decision on the burglary charge. For these reasons, we reverse the district court's denial of Lindsay's motion for mistrial and vacate the judgment of conviction for theft and burglary.[2]

## IV.

## CONCLUSION

The district court erred in denying Lindsay's motion for mistrial. Accordingly, Lindsay's judgment of conviction for grand theft and burglary is vacated.

Judge HUSKEY and Judge LORELLO **CONCUR**.

---

[2]     Consequently, we need not address Lindsay's claims of evidentiary error.

6